IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-223-1H
No. 5:16-CV-143-1H

DANNY LASHUN LEWIS,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss, [DE #25], petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #20]. Petitioner has not filed a response,[1] the time for response has expired, and this matter is ripe for adjudication.

### BACKGROUND

On September 14, 2015, petitioner pled guilty to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine, cocaine base (crack), and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One).

Following preparation of the Presentence Investigation Report (PSR), the base offense level was calculated to be 30 and following a two-level adjustment pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(b)(1) for possession of a dangerous weapon, the adjusted offense level was calculated to be 32. [DE

---

[1] The Rule 12 Letter was sent May 18, 2016 noting deadline of June 8, 2016. As of the date of this order, there have been no further filings by the parties.

#16 PSR ¶¶ 50, 59]. Following a three-level adjustment for acceptance of responsibility pursuant to petitioner's assistance to authorities and timely notification to authorities of his intent to enter a guilty plea, the total offense level was 29. Counsel for petitioner made multiple written objections to the PSR but did not contest the two-level enhancement pursuant to USSG § 2D1.1(b)(1) for possession of a dangerous weapon.

At sentencing on January 12, 2016, petitioner's counsel objected to the drug weight attributed to the petitioner, and the inclusion of the income of his spouse. [DE #16 at 16-17]. These objections were denied and the government's motion under USSG § 5K1.1 to depart downward from the advisory guideline range of imprisonment of 140 to 175 months, was granted. [DE #16 at ¶ 61; #18]. Accordingly, the court sentenced petitioner to a term of imprisonment of 90 months. [DE #19].

Petitioner did not appeal. Petitioner timely filed this motion to vacate on April 1, 2016, raising one claim alleging counsel rendered ineffective assistance by failing to object to the two-level increase for possession of a firearm pursuant to USSG § 2D1.1(b)(1). [DE #20 at 5-8].

**COURT'S DISCUSSION**

**I. Ineffective Assistance of Counsel ("IAC") Standard**

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466

2

U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner alleges counsel rendered ineffective assistance by failing to object to the two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1). The presentence report provided upon search of petitioner's residence after his arrest, a loaded 12 gauge shotgun and a 9mm handgun were found in the woods next to the residence. Two individuals present advised law enforcement petitioner had been in possession of the firearms during the offense conduct. A search of the residence revealed 9mm bullets. One of the individuals hiding in the woods advised

3

law enforcement that he and the other individual had removed the drugs and firearms from the residence prior to the arrival of law enforcement. [DE #16 ¶ 4]. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). In light of the offense conduct, counsel for petitioner did not depart from a reasonable standard of conduct by failing to object to a two-level enhancement for possession of a firearm. Therefore, this claim is without merit.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #25], is GRANTED. Petitioner's motion, [DE #20], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003);

4

Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 16th day of January 2018.

*Malcolm J. Howard* (signature)
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35